IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Natori Watson, | ) | Case No.: 4:25-cv-00350-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Anna Pasour and Davis Pasour, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 39.) The Report recommends dismissing this action with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute. The time for filing objections has expired, and no objections have been filed.

**A.    Background**

This removed diversity action arises from a July 8, 2023, motor-vehicle collision. Plaintiff filed the action in the Marlboro County Court of Common Pleas on December 18, 2024, and Defendants removed it on January 20, 2025. (DE 1.) The pleadings allege that Plaintiff is a citizen of South Carolina, Defendants are citizens

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

of North Carolina, and Plaintiff has incurred more than $390,000 in medical expenses. The Court is, therefore, satisfied that it has subject matter jurisdiction under 28 U.S.C. § 1332.

Plaintiff was represented by counsel when the action was filed and removed. On July 14, 2025, the Court granted counsel's motion to withdraw and stayed the case for thirty days to permit Plaintiff to retain new counsel or advise the Court whether Plaintiff intended to proceed *pro se*. (DE 18.) Plaintiff did not retain substitute counsel or otherwise respond.

On November 7, 2025, Defendants filed a Motion for Summary Judgment. (DE 32.) The Magistrate Judge entered an order under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedure, the importance of filing an adequate response, and the possible consequences of failing to respond. (DE 33.) Plaintiff did not respond by the December 8, 2025, deadline.

The Magistrate Judge later entered another order directing Plaintiff to advise the Court whether Plaintiff wished to continue the action and to respond to Defendants' motion by January 20, 2026. (DE 36.) That order expressly warned that failure to respond would result in a recommendation that the action be dismissed with prejudice for failure to prosecute. Plaintiff again did not respond. The mail sent to Plaintiff's address of record was not returned as undeliverable.

On February 3, 2026, the Magistrate Judge issued the Report recommending dismissal with prejudice under Rule 41(b). (DE 39.) The Report was mailed to

Plaintiff's address of record and notified the parties of the right to file objections. No party filed an objection.

**B.     Legal Standard**

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

When no specific objection is made, the Court need not conduct de novo review and need only satisfy itself that there is no clear error on the face of the record before accepting the recommendation. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Because dismissal with prejudice is a severe sanction, however, the Court independently considers whether the record warrants that disposition under Rule 41(b).

**C.     Discussion**

The Court has reviewed the Report, the record, and the applicable law and finds no clear error. The record establishes that Plaintiff failed to respond to Defendants' Motion for Summary Judgment, failed to comply with a later order directing a response and requiring Plaintiff to advise whether the action would be pursued, and failed to object to the Report.

Rule 41(b) permits involuntary dismissal when a plaintiff fails to prosecute or comply with a court order. In deciding whether dismissal is warranted, the Court considers: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Hillig v. Commissioner*, 916 F.2d 171, 174 (4th Cir. 1990)). These considerations are not a rigid test; the propriety of dismissal depends on the circumstances of the particular case. *Id.*; *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).

First, Plaintiff bears personal responsibility for the failure to prosecute. After counsel withdrew, Plaintiff alone was responsible for complying with the Court's orders and advancing the case. The relevant orders were mailed to Plaintiff's address of record and were not returned, yet Plaintiff did not respond.

Second, Plaintiff's inaction has prejudiced Defendants by preventing resolution of their pending dispositive motion and prolonging litigation in which they have continued to bear the burdens of defending the action. Although the record does not

4

reflect lost evidence or comparable concrete prejudice, this factor weighs at least somewhat in favor of dismissal.

Third, the record reflects a continuing pattern of delay rather than a single missed deadline. Plaintiff did not respond after counsel withdrew, did not respond to the *Roseboro* order, did not comply with the later order allowing additional time and requiring a statement of intent, and did not object to the Report. This sustained inaction supports the conclusion that Plaintiff has abandoned the action.

Fourth, lesser sanctions are unlikely to be effective. The Court stayed the matter to allow Plaintiff to obtain counsel, afforded additional time to respond to the summary judgment motion, entered a direct order requiring a response, and expressly warned that continued noncompliance would result in a recommendation of dismissal with prejudice. None of those measures prompted a response. Another extension or warning would merely repeat measures that have already proved ineffective, and a monetary sanction would not move the case toward resolution. The explicit warning is particularly significant. *See Ballard*, 882 F.2d at 95–96. The Fourth Circuit has upheld Rule 41(b) dismissal when a plaintiff failed to comply with a specific court directive and had received repeated warnings.

Having considered the record and the applicable factors, the Court concludes that Plaintiff's repeated noncompliance and apparent abandonment of the action outweigh the policy favoring disposition on the merits. Dismissal with prejudice is, therefore, warranted under Rule 41(b).

.

**D.     Conclusion**

Accordingly, the Court **ADOPTS** the Report's recommendation, as supplemented by this Order. This action is **DISMISSED WITH PREJUDICE** under Federal Rule of Civil Procedure 41(b). Defendants' Motion for Summary Judgment (DE 32) is **DENIED AS MOOT**. The Clerk is directed to enter judgment and close the case.

    **IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
July 31, 2026

**NOTICE OF RIGHT TO APPEAL**

A party seeking to appeal must file a notice of appeal with the Clerk of Court within thirty (30) days after entry of the judgment. Fed. R. App. P. 3, 4(a)(1)(A).